# United States District Court
# District Court – Newark Division

June Dennis, Esq.
1138 Post Office Box
South Plainfield, New Jersey 07080
(908)279-5928
Plaintiff(s) Attorney

---

Jordan Hines and June Dennis

                Plaintiff,

Vs.

Plainfield Board of Education, New Jersey Department of Education, Commissioner, Kimberly Harrington, and John Doe, et al

                Defendant

Docket No.: _____

**CIVIL ACTION**

**COMPLAINT**
Jury Trial Requested

---

Plaintiffs, Jordan Hines and Parent June Dennis, by way of their Complaint, allege:

### THE PARTIES

1. Plaintiffs, Jordan Hines currently twenty (20) years old, and Parent June Dennis, reside at 951 West 7th Street, Plainfield, New Jersey 07063.

2. Defendant, Plainfield Board of Education (Plainfield), maintains an office at 1200 Myrtle Avenue, Plainfield, New Jersey 07063

3. Defendant, New Jersey Department of Education, P.O. Box 500, Trenton, New Jersey 08625-0500.

1

4. Defendant, Kimberly Harrington, Acting Commissioner of Education, New Jersey Department of Education, P.O. Box 500, Trenton, New Jersey 08625-0500.

## JURISDICTION AND VENUE

5. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case, and can be heard in federal court. This court has subject matter jurisdiction in this action by reason of Plaintiffs (federal) civil rights claims brought under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. (Section 504), the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 et seq. (IDEA), or other laws affording rights to parents and disabled students. Venue is proper in this District in that this District is where the operative acts and decisions took place, Plaintiffs reside within this District and all Defendant have offices within this District.

6. The ALJ's decision in a special education case is final, thus a party may appeal the decision of the ALJ either to the Superior Court of New Jersey or to the District Court for the District of New Jersey pursuant to 20 U.S.C.A. 1415(e)(2). This action is being brought under the provisions of 20 U.S.C.A. 1415(e)(2), to review a final decision of the Office of Administrative Law.

7. This action is being commenced to secure compensatory education relief, and damages, as well as attorney's fees pursuant to the fee-shifting provisions of the ADA, arising out of the violative acts and omissions of the Plainfield Board of Education, NJDOE, and its commissioner in failing to provide free and appropriate education to JH.

## Allegations Common to All Claims

8. Jordan Hines was born on January 13, 1997, and is currently twenty (20) years old, and attends Deron II High School of Montclair, New Jersey.

9. Plainfield Board of Education is Jordan Hines' School District, and is legally responsible for the education of students within the District. Jordan currently attend Deron II, an out-of-district school.

10. Defendant New Jersey Department of Education (NJDOE) is the state agency that is legally responsible for education of students within State of New Jersey, including the education of students with special needs.

11. Defendant, Kimberly Harrington, Acting Commission is the current commissioner of NJDOE, and the NJDOE and Commissioner are legally responsible for the education of students.

12. Jordan Hines was born on January 13, 1997 and was classified as needing early intervention services from the Plainfield School District when Jordan was four (4) years old, in 2001.

13. Plainfield School District failed to conduct and/or utilize Evaluations such as Audiological, Auditory Processing, Neuropsychological, Psychological (cognitive), Psycho-educational, and Speech & Language to appropriately identify interventions and support services to provide free appropriate public education to Jordan;

14. Plainfield School District failed to Evaluate or Assess Jordan in all areas related his disability, where the evaluation was "sufficiently comprehensive to identify all of Jordan's special education and related

3

services needs and supports, whether or not commonly linked to the disability category in which the District classified him."

15. Plainfield School District failed to conduct evaluations to identify special education and related service needs and supports to appropriately address and remediate Jordan's Specific Learning Disability (reading, math, written and oral language), Executive Dysfunction, Attention Difficulties, and Grapho-Motor difficulties, Auditory Processing Disorder, and to develop an appropriate and relevant individualized educational plan (IEP) with a special and general education program that ensured Jordan's right to a free appropriate public education (FAPE) and allowed Jordan to participate and progress in the general curriculum.

16. Plainfield School District failed to consider Jordan's lack of progress in reading, math, writing, science, social studies, history, language arts, and written instruction, to conduct Comprehensive Evaluations to appropriately develop and modify Individualized Education Plan to address Jordan's continual deficits;

17. Plainfield School District failed to develop and utilize annual measurable reading and writing fluency goals, and implement daily tracking accommodation, maintain progress data, and show that Jordan made measurable progress towards meaningful reading and writing fluency goals.

18. Plainfield School District failed to develop and implement an appropriate and relevant Individualized Education Plan with measurable annual goals in Special Education, and measurable annual goals the General Curriculum, and maintain progress data to show that child made measurable progress towards annual goals to satisfy the State of New Jersey, Department of Education, High School Requirements for graduation;

19. Plainfield School District failed to develop, track, and utilize measurable annual goals in the general curriculum, and failed to ensure Jordan made meaningful progress towards accessing the general curriculum;

20. Plainfield School District failed to develop Individualized Education Plan with Special and General Educational Program addressing Jordan's Specific Learning Disability (Reading, written and oral language, and math), with an intensive intervention program based on true research, and proven methodologies for SLD, that is multi-sensory based, such as the Orton Gillingham, Lindamood Bell which is a proven multi-sensory methodology;

21. Plainfield School District failed to utilize current Comprehensive Evaluations to develop appropriate Individualized Education Plan with goals and objectives to specifically address Jordan's weaknesses and ensure it was being monitored for progress.

22. Plainfield School District failed to provide customized or individualized interventions to remediate Jordan's weaknesses addressing Jordan's areas of disabilities, including Specific Learning Disability (reading, math, written and oral language), Executive Dysfunction, Attention Difficulties, and Grapho-Motor difficulties, Auditory Processing Disorder.

23. Plainfield School District failed to educate Jordan in "least restrictive environment" allowing Jordan to participate to the maximum extent appropriate, with students who do not have Disabilities, and Denied Jordan a Free and Appropriate Education with access to the General Curriculum, and interscholastic activities and sports.

24. Plainfield School District's Failure In identification and intervention in Jordan's Specific Learning Disability (reading, written & oral language, and math), and its' failure to develop an appropriate Individualized Education Plan with special and general education programs with true research based multi-sensory Orton Gillingham methodology proven for Specific Learning

Disability, has violated Jordan's free and appropriate education (FAPE), and impaired Jordan's academic achievements and ability to function in a society where activities of daily living require mastery of number facts, written words, and written expression.

25. Plainfield School District's failure in identification and appropriate intervention in Jordan's Specific Learning Disability (reading, math, written and oral language), Executive Dysfunction, Attention Difficulties, and Grapho-Motor difficulties, Auditory Processing Disorder, violated Jordan's rights under IDEA entitling Jordan to education in "least restrictive environment" that allow Jordan to participate to the maximum extent appropriate, with students who do not have disabilities; and under section 504's equal opportunity mandate requiring students with disabilities to same opportunities, same education, and same services as students without disabilities.

26. Plainfield School District's failure in identification and intervention in Jordan's Specific Learning Disability (reading, math, written and oral language), Executive Dysfunction, Attention Difficulties, and Grapho-Motor difficulties, Auditory Processing Disorder, violated Jordan's FAPE under IDEA requiring preparation for post-secondary education, employment, and independent living.

27. After age fourteen (14), Plainfield School District failed to focus on Jordan's course of study for college preparatory curriculum, and failed to prepare Jordan to assume and exercise rights accorded to parents when reach the age of majority.

28. Plainfield School District's denied Jordan and Parent meaningful input into Individualized Education Plan decision-making affecting his education.

29. Plainfield School District graduated Jordan without him meeting the New Jersey graduation requirements that all students are expected to meet, without input, agreement, or notice to Parent and Student of graduation and their alternative graduation criteria.

30. The Plainfield School District continued to fail to design and implement an individualized instructional program reasonably calculated to enable Jordan to receive meaningful educational benefits – even after 2011 Comprehensive Neuropsychological Evaluation that diagnosed student with Specific Learning Disability (Reading, Math, Written and Oral Language), Executive Dysfunction, Attention Difficulties, and Grapho-Motor Difficulties, Auditory Processing Disorder. Independent Evaluation conducted at Parental Expense.

31. The Plainfield School District ignored the Urgent Concerns of the Neuropsychological Evaluation Expert that stated, "Of the most urgent concern is that Jordan lacks skills in functional literacy, numeracy, and social skills that will prepare him for independent living. These skills need to be an area of aggressive and continued intervention for Jordan at school." The Evaluation Report further stated, "Jordan requires a comprehensive, intensive approach to reading skill development. I am recommending that he be evaluated for the LindaMood Bell program to determine his appropriateness for this level of intensive reading skill remediation. He lacks functional literacy skills, and this places him not only at a disadvantage for gainful employment, but also at risk for his safety. He cannot safely navigate his environment with his current literacy skill deficiency."

32. Plainfield School District failed to address the complaints of the out-of-district school of Jordan's disability issues, and disregarded the auditory processing treatment recommendations and Linda mood Bell recommendations and others without notice or explanation.

33. Plainfield School District Deviated from IEP - Failed to comply with Jordan's special education services, in accordance with his IEP special educational services such as one-on-one para-educator support, tutoring and transportation services, and auditory processing disorder treatment;

34. Plainfield School District Deviated from IEP - Failed to comply with Jordan's IEP special education services for his extended school year (ESY);

35. Plainfield School District failed to make proper evaluations and hold Manifestation Determination Meeting, yet unilaterally amended Jordan's IEP, without Parent notice or consent;

36. Plainfield School District failed to conduct Functional Behavior Assessment (FBA) and to develop a Behavioral Intervention Plan (BIP), to address child's learning impeding behavior that were a manifestation of his disability;

37. Plainfield School District failed to implement IDEA regulations requiring Jordan To participate in IEP process after age fourteen (14), and failed to prepare Jordan for transferal of IDEA rights when reach age of majority;

38. Plainfield School District failed to provide transition services focusing on student's course of study, and preparatory curriculum for college placement;

39. Plainfield School District failed to prepare Jordan for post-secondary education, employment, independent living; and

40. Other procedural violations of FAPE, evaluations, IEP development, and implementations.

41. Plainfield School District retaliated against Plaintiff(s) after complaint regarding IEP deviations by reporting Parent to DYFS which resulted in

8

Jordan's placement in Foster care and District collaborated with DYFS to terminate Parent IDEA Procedural Safeguards Rights to participate in educational decision making, to act on Jordan's behalf to protect his Educational Rights, towards the dismissals of scheduled Due Processing Hearings.

42. Plaintiff(s) suffered as Plainfield School District failed to exercise minimum degree of care: to supply adequate education, and to avoid inherent dangers in IEP deviations of terminating IEP tutoring and transportation after school related services without parental consent, or notice, to adequately care and supervise child and recklessly created serious injury to Jordan by transporting Jordan to wrong place at wrong time and left Jordan at police station for DYFS and police warrantless search and seizure.

43. Despite recommendations based on Comprehensive Evaluations of Jordan, the Plainfield School District ignored and continued to ignore Jordan's Specific Learning Disability remedial needs of the Linda-Mood Bell program, and Auditory Processing Disorder treatment recommendations.

44. In short, the School District's failure to evaluate Jordan and the School District's failure to design an Individualized Education Program to remediate Jordan's disabilities, even after Independent Evaluations at Parent expense, deprived Jordan of FAPE, and the opportunity to benefit educationally from an appropriately designed Educational Plan.

45. The Plainfield School District has deprived Jordan of a free appropriate public education, and violated IDEA and Section 504, thus, compensatory education is warranted to return JH to the educational path he would have traveled had the Plainfield School District provided him with an appropriate education in the first place.

46. Plainfield School District has failed to reimburse Parent for all Independent Evaluations at parental expense.

## FIRST CLAIM FOR RELIEF

47. Plaintiffs repeat and re-allege the allegations of paragraph 1-46, as if fully set forth within.

48. School District failed to provide "basic floor of opportunity" for Plaintiff student with disabilities.

49. School District failed to provide a free appropriate education (FAPE), when a school district failed to provide Jordan with personalized instruction with sufficient support services to permit the Jordan to benefit educationally from that instruction.

50. The school district failed to meet its obligation and the State has not complied with the procedures set forth in the Act.

51. The school district failed to meet its obligation because the individualized education program developed failed to be reasonably calculated to enable Jordan to receive educational benefits.

52. The Plainfield School District knew or should have known that Jordan had an inappropriate IEP and was not receiving more than a de minimis educational benefit.

53. Plainfield School District failed to offer an appropriate IEP – Services provided were not appropriate and IEP failed to confer Free and Appropriate Public Education (FAPE), as it was not calculated to provide a meaningful educational benefit to student at time offered.

54. Plainfield School District failed to implement and adhere to the IEP – it deviated in practice and the delivery of IEP services.

55. Plainfield School District failed to appropriately implement IEP, and Jordan failed to make meaningful progress as a result of this inappropriate implementation.

56. Request Conduction of comprehensive evaluations of Jordan in all areas of disability towards development and implementation of appropriate Individualized Education Plan (IEP).

57. Request Development of appropriate IEP with appropriate and relevant special education and related service needs of student's Specific Learning Disability (reading, written & oral language, and math), Auditory Processing Disorder, and Attention Deficit Disorder towards supporting a special and general education program that ensures Jordan's right to a free appropriate public education (FAPE) and allows Jordan to participate and progress in the general curriculum.

58. Request Development of appropriate Individualized Education Plan with Special And General Education Program with true research based multi-sensory Orton Gillingham Methodology such as Lindamood Bell, proven for Specific Learning Disability (reading, written & oral language, and math), as well as proven methodologies for Executive Dysfunction, Attention Difficulties, and Grapho-Motor Difficulties, Auditory Processing Disorder.

59. Request Development of Individualized Education Plan with Special and General Education Program that sufficiently prepares Jordan for post-secondary education, employment, and independent living, and focuses on student's course of study for College Preparatory Curriculum.

60. Request Provision to Jordan with recommended special education services such as one-on-one para-educator support, intensive intervention multi-sensory Orton Gillingham methodology reading & math services, tutoring with to and from transportation, and with services during extended school year.

61. Request Development of measurable annual goals, maintain progress data, and show that Jordan made meaningful and measureable progress towards his annual goals in special education program and general curriculum.

62. Request addressing Jordan's auditory processing needs as recommended by Audiologist.

63. Request provision of Compensatory Education to remedy past deprivations under IDEA.

64. Plaintiff(s) suffers from injuries as a result of his educational deprivations that cannot be addressed by any amount of compensatory education" and is requesting damages under Section 504 of the Rehabilitation Act.

65. Reimbursement of all parent funded independent educational evaluations (IEE), and all legal fees and court costs related to these matters, and any other reliefs in the interest of justice.

### SECOND CLAIM FOR RELIEF

66. Plaintiffs repeat and re-allege the allegations of paragraph 1-65, as if fully set forth within.

67. Plainfield School District failed to implement and adhere to the IEP – it deviated in practice, the delivery of IEP services.

68. Plainfield School District retaliated against Plaintiff(s) after complaint regarding IEP deviations by reporting Parent to DYFS which resulted in Jordan's placement in Foster care and District collaborated with DYFS to terminate Parent IDEA Procedural Safeguards Rights to participate in educational decision making, to act on Jordan's behalf to protect educational rights, towards dismissals of scheduled Due Processing Hearings.

69. Plaintiffs suffered as Plainfield School District failed to exercise minimum degree of care: to supply adequate education, and to avoid inherent dangers in IEP deviations of terminating IEP tutoring and transportation after school related services without parental consent, or notice, to adequately care and supervise child and recklessly created serious injury to child by transporting child to wrong place at wrong time and left child at police station for DYFS and police warrantless search and seizure.

70. Request Remedy of Damages.

### THIRD CLAIM FOR RELIEF

71. Plaintiffs repeat and re-allege the allegations of paragraph 1-70, as if fully set forth within.

72. The ADA, like other civil rights statute contains an express fee-shifting provision that allows for an award of attorney fees and costs for a prevailing party under the Act.

73. In the event that Plaintiff(s) shall have emerged from these proceedings as substantially prevailing party, this court should declare such status and grant Plaintiff(s) leave to file a fee application against the appropriate culpable parties who are responsible and liable to pay the sums to be adjudicated by this Court.

## REQUEST FOR RELIEF

Wherefore, Plaintiff(s) demand reversal of ALJ's, April 13, 2017, judgment denying Plaintiff Compensatory Education Relief; and Plaintiff(s) demand Damages pursuant to the interest of justice; Reimbursement of all Parent paid independent evaluations; and declaring that Plaintiff(s) are prevailing parties for purpose of the ADA express fee-shifting provision and grant leave to Plaintiff(s) to file a fee application.

Date: May 26, 2017

_____
June Dennis, Attorney for Plaintiff(s)